T.C. Summary Opinion 2010-3

UNITED STATES TAX COURT

RONALD STEWART ARMSTRONG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28922-07S.          Filed January 11, 2010.

Ronald Stewart Armstrong, pro se.

<u>Christina E. Ciu</u>, for respondent.

LARO, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision

--------

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $7,445 in petitioner's 2004 Federal income tax. The issues for decision are whether: (1) Petitioner may deduct $31,570 in business expenses reported on his Schedule C, Profit or Loss From Business; (2) petitioner's itemized deduction for medical and dental expenses is limited to the amount in excess of 7.5 percent of his adjusted gross income; and (3) petitioner is entitled to an ordinary deduction for worthless stock under section 1244.

## Background

### I. Petitioner

Petitioner is a lifelong musician and an entrepreneur who has combined his passions for music and business in a variety of business ventures. A consultant by trade, petitioner filed his 2004 Federal income tax return in April 2005. That return included a Schedule C that listed petitioner's business or profession as "consultant" and claimed the following expense deductions:

| Expenses | Amount |
|---|---|
| Multi-Labs, Inc. | $3,000 |
| Research International | 3,000 |
| Diverse Investments, Inc. | 3,000 |
| Peterson Controls | 3,000 |
| Opsafe | 3,000 |
| X-Factor Technologies | 3,000 |
| Wizard Guitars | 3,000 |
| Bartolini, Inc. | 10,570 |
| Total | 31,570 |

On September 19, 2007, respondent issued a notice of deficiency (notice) disallowing petitioner's deduction for Schedule C expenses. Because the disallowance increased petitioner's adjusted gross income, respondent also disallowed petitioner's deduction of $1,709 in medical and dental expenses in excess of 7.5 percent of his adjusted gross income. Petitioner requested redetermination of the deficiency by filing a petition with this Court on December 14, 2007. Petitioner resided in California when the petition was filed.

II. Bartolini

A. Petitioner's Affiliation with Bartolini

Petitioner was employed by Bartolini, Inc. (Bartolini), a Nevada corporation formed in June 2004 to manufacture and sell "electronic musical pickups". Petitioner was also a shareholder of Bartolini.

B. Formation of Bartolini

Bartolini was formed to acquire Bartolini Guitars, a sole proprietorship owned by Bill Bartolini (Mr. Bartolini).

Bartolini was formed under a resolution of its board of directors that provided in relevant part:

> the Board of Directors of * * * [Bartolini] have determined that the Corporation shall be organized and managed so that it is a "Small Business Corporation" as defined in IRC Sec. 1244(1), as amended, and so that the shares issued by the Corporation are "section 1244 stock" as defined in IRC Sec. 1244(c)(1), as amended.
>
> *    *    *    *    *    *    *
>
> BE IT THEREFORE RESOLVED:
>
> 1.   Effective June 12, 2004 the proper officers of the Corporation are authorized to sell and issue common shares in an aggregate amount of money and other property (as contribution to capital and as paid in surplus), which together with the aggregate amount of common shares outstanding at the time of issuance, does not exceed $1,000,000.
> 2.   That the sale and issuance of shares shall be conducted in compliance with IRC Sec. 1244, so that the Corporation and its shareholders may obtain the benefits of IRC Sec. 1244.

Petitioner received 999 shares of Bartolini common stock upon its formation in exchange for $13,250.  On July 1, 2004, petitioner contributed another $4,000 to Bartolini in exchange for 300 additional shares of Bartolini common stock.

C.   Petitioner's Employment With Bartolini

During 2004 petitioner entered into an employment agreement with Bartolini to serve as its president and chief executive officer (CEO) from July 1, 2004 until 2009.  In exchange for his services, petitioner was to receive the following remuneration: (i) A guaranteed annual salary of $150,000; (ii) a guaranteed annual bonus of $10,000; (iii) 1,000 shares of Bartolini stock;

and (iv) warrants each year for 2,000 shares of stock. Petitioner worked as president and CEO of Bartolini from July 2004 until March 2005 when Bartolini was dissolved.

III.  October 5, 2009, Trial

A.  Overview

On October 5, 2009, the Court held a trial in San Francisco, California.  Petitioner was the only witness called by either party.  The only evidence which petitioner presented to support his reported 2004 Schedule C expenses was receipts related to Bartolini.

The receipts ranged in date from 2003 to 2005 with the exception of one receipt that was undated.  The 2004 receipts consisted of:  (i) A $95 invoice from the Carson City Treasurer for "Base License Fee"; (ii) a $91 "consulting fee" paid to Mr. Bartolini; and (iii) $35 in receipts for "Laughlein" expenses. The undated receipt was from "McBee Systems Inc. Banking Materials" in the amount of $56.67.  The other receipts are not relevant to our decision and will not be discussed.

B.  Amended Return

Petitioner also introduced into evidence an amended 2004 Form 1040 (amended return) which he intended to file with respondent.  The Court admitted this return into evidence as an admission of petitioner's intent relating to this case and not as

a filed tax return.[2]  On Schedule C of the amended return, petitioner claimed $11,764 in expenses consisting of $5,659 in expenses related to an unnamed "business consulting service" and $6,105 in expenses related to "Building Design Services."

Petitioner also attached to his amended return a 2004 Schedule K-1, Partner's Share of Income, Deductions, Credits, etc., from Wizard Guitars.  The Schedule K-1 lists petitioner as a 33.33-percent general partner of the entity.  The Schedule K-1 reports as to 2004 that petitioner's beginning capital account was $6,708 and that his ending capital account was $3,708 on account of a $3,000 ordinary business loss from that year.[3]

## Discussion

### I.   Deductibility of Schedule C Expenses

#### A.   Overview

Respondent disallowed petitioner's 2004 Schedule C expense deductions because petitioner failed to (i) substantiate that the expenses were paid or incurred during the taxable year; or (ii) demonstrate that the expenses were ordinary and necessary to petitioner's consulting business.  Petitioner argues generally that the expenses are valid section 162 ordinary and necessary

_____

[2]The record does not establish that the amended return was filed by petitioner or accepted by respondent.

[3]We are unaware of the origins of the purported business loss or whether Wizard Guitars filed a return of partnership income for 2004.

business expenses and does not address the substantiation issue. For the reasons set forth below, we hold for respondent.

An income tax deduction is a matter of legislative grace and is not an unqualified right. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer such as petitioner bears the burden of establishing his right to any amount claimed as a deduction.[4] Rule 142(a); White v. United States, 305 U.S. 281, 292 (1938); Welch v. Helvering, 290 U.S. 111, 115 (1933); Roberts v. Commissioner, 62 T.C. 834, 835 (1974). Every taxpayer is also required to maintain supporting records or statements for amounts claimed as deductions. See sec. 6001.

B. Deduction for Ordinary and Necessary Business Expenses

1. Overview

A taxpayer may deduct ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Sec. 162(a). An expense is ordinary if it bears a reasonably proximate relationship to the operation of the taxpayer's business. Kornhauser v. United States, 276 U.S. 145, 153 (1928). An expense is necessary if it is appropriate and

---

[4]Sec. 7491 is inapplicable to this case because petitioner did not produce credible evidence with respect to a factual issue relevant to determining his tax liability.

helpful to the functioning of the taxpayer's business.  Welch v. Helvering, supra at 113.

### 2.    Expenses Related to Bartolini

#### a.    Overview

Petitioner seeks to deduct $10,570 in various expenses incurred on behalf of his involvement with Bartolini.

#### b.    2004 Base License Fee

Petitioner presents a $95 invoice from the Carson City treasurer for licensing fees of Bartolini incurred on December 1, 2004.  A corporation and its shareholders are separate taxable entities, and therefore a shareholder may generally not deduct expenses that would be corporate expenses even if paid by that shareholder.  See Moline Props., Inc. v. Commissioner, 319 U.S. 436, 438-439 (1943); D'Angelo v. Commissioner, T.C. Memo. 2003-295.  Petitioner may not deduct the licensing fees of Bartolini because they are the expenses of the corporation--not of petitioner.  See Wofford v. Commissioner, 5 T.C. 1152, 1165 (1945).

#### c.    Additional 2004 Expenses

Petitioner also presents a $35 receipt for a Laughlein certificate and $91 in receipts for consulting fees to Mr. Bartolini.  There is no indication in the record that these expenses are ordinary or necessary to petitioner's consulting business.  We deny petitioner a deduction for these items.

### d.   2003, 2005, and Undated Expenses

Petitioner also presents receipts for expenses incurred in 2003 and 2005 as well as an undated receipt.  Again, the record does not support that these expenses were ordinary or necessary to petitioner's consulting business.  Even if petitioner did demonstrate that these expenses satisfied the requirements of section 162(a), they would still not be deductible.  Petitioner may deduct expenses only for the year paid.  See, e.g., Carlisle v. Commissioner, 37 T.C. 424, 428 (1961) (stating that a cash method taxpayer's otherwise deductible expense is not deductible for any taxable year other than the year in which it is paid).

### e.   Summary of Expenses Related to Bartolini

In summary, the record contains no evidence that allows us to permit petitioner a deduction for expenses incurred in connection with his involvement in Bartolini.  Accordingly, we sustain respondent's disallowance of the $10,570 deduction.

### 3.   Expenses Related to Wizard Guitars

Petitioner similarly provides no substantiation for expenses incurred in connection with his affiliation with Wizard Guitars. In lieu of receipts, petitioner presents a Schedule K-1 from Wizard Guitars which reports that a $3,000 ordinary business loss passed through to him in 2004.  The limited record before us does not establish that petitioner is entitled to deduct any of this $3,000.

### 4.   Deductibility of Remaining Expenses

We similarly find no evidence in the record that supports the $18,000 deduction for the claimed expenses related to Multi-Labs, Inc., Research International, Diverse Investments, Inc., Peterson Controls, Opsafe, or X-Factor Technologies.  We find it telling that petitioner's amended return does not seek a deduction for any of these claimed expenses.  We can only surmise that petitioner omitted these expenses from the amended return because he has no means of substantiating them.  We deny the $18,000 in claimed deductions.

## II.   Impact on Itemized Deductions

Respondent argues that the increase to petitioner's adjusted gross income resulting from the disallowance of his Schedule C deduction causes a computational disallowance of petitioner's claimed deduction for medical and dental expenses.  We agree.

A taxpayer may deduct medical expenses incurred during the taxable year provided that the expenses exceed 7.5 percent of the taxpayer's adjusted gross income.  Sec. 213(a).  Petitioner claims $3,798 in medical and dental expenses for 2004.  As reported on his return, $1,709 of that amount exceeded 7.5 percent of his adjusted gross income.  The disallowance of petitioner's $31,570 business expense deduction increases petitioner's adjusted gross income by a like amount, and thus the 7.5-percent floor imposed by section 213 is increased by

$2,367.75 ($31,570 x 0.075 = $2,367.75). Petitioner, therefore, is not entitled to deduct any of the $3,798 in claimed medical and dental expenses.

III. Section 1244 Stock

Petitioner argues that section 1244 permits him to recognize an ordinary loss on the worthlessness of his Bartolini stock. We disagree.

Section 165(g)(1) and (2)(A) provides that a taxpayer realizes a capital loss when stock that is a capital asset becomes worthless. A limited exception to this general rule permits an individual to deduct as an ordinary loss any loss on "section 1244 stock". Sec. 1244(a). The term "section 1244 stock" includes common stock issued in exchange for cash when the issuer is a domestic "small business corporation" (as defined in section 1244(c)(3)), 50 percent of whose income does not come from investment activity. Sec. 1244(c)(1). Qualification for section 1244 status requires strict compliance with the provisions of the statute and the regulations thereunder. See Godart v. Commissioner, 51 T.C. 937, 943 (1969), affd. 425 F.2d 633 (2d Cir. 1970); Morgan v. Commissioner, 46 T.C. 878, 889 (1966); Magee v. Commissioner, T.C. Memo. 1993-305.

Petitioner has failed to prove that he meets the requirements of section 1244. In particular, he has failed to show that Bartolini meets the definition of a "small business

corporation" or establish the nature of its receipts.  Petitioner has also failed to demonstrate that his Bartolini stock is "worthless" within the meaning of section 165.  See Klepetko v. Commissioner, T.C. Memo. 1990-644, affd. without published opinion 956 F.2d 1159 (2d Cir. 1992).  Petitioner is not permitted a deduction under section 1244 because he failed to meet his burden of proof on these issues.

IV.  Conclusion

Petitioner may not deduct the $31,570 in expenses claimed on his 2004 Schedule C.  Petitioner may not deduct any of the claimed $3,798 in medical and dental expenses.  Petitioner may not deduct any of his basis in Bartolini.  We have considered all arguments made by the parties and, to the extent not discussed above, conclude they are without merit.

To reflect the foregoing,

Decision will be entered for respondent.